```
                  UNITED STATES DISTRICT COURT
         IN AND FOR THE EASTERN DISTRICT OF LOUISIANA
```

**MICHELLE ALBE AND**
**JOSEPH G. ALBE**                          CAUSE NO.
VERSUS
**CITIBANK [SOUTH DAKOTA], N.A.**
**D/B/A AT&T UNIVERSAL CARD**

## *ORIGINAL COMPLAINT*
## *AND REQUEST FOR TRIAL BY JURY*

NOW INTO COURT, through undersigned counsel, comes **MICHELLE ALBE and JOSEPH ALBE,** Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against defendant, as set forth in the following Original Complaint and Request For Trial By Jury, as follows:

1.

Plaintiffs, **MICHELLE ALBE and JOSEPH ALBE** are a natural person, residents of in New Orleans, Louisiana.

## *DEFENDANT*

2.

Made Defendant is:

a)  **CITIBANK [SOUTH DAKOTA], N.A. D/B/A AT&T UNIVERSAL CARD**, hereinafter referred to as **"CITIBANK,"** a foreign corporation authorized to do and doing business in the State of Louisiana.

## *JURISDICTION OF THE COURT*

3.

Plaintiffs, respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. ***28 U.S.C. 1331.*** Plaintiffs also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and

1

Plaintiffs respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. **28 U.S.C. 1367.** Venue is proper in this District as Defendant, **CITIBANK**, does business regular in this judicial district. **28 U.S.C. 1391 (b),(c).**

### REQUEST FOR TRIAL BY JURY

4.

Plaintiffs request a trial by jury.

### REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.

Plaintiffs respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant, **CITIBANK**, under the provisions of the Fair Credit Reporting Act and states' laws.

### ALLEGATIONS

6.

Plaintiffs have never failed to make a monthly payment with defendant; so in September, 2009 had contacted defendant attempting to get a lower rate of interest on the open credit card account. Plaintiffs had advised defendant that if they refused to lower their interest rate, they would take their business to another company. Defendant refused to lower the rate; and Plaintiffs made application with another credit card company. In October, 2009, Plaintiffs were denied credit by the new card company; and the reason given was that defendant's employee had stated that Plaintiffs never paid their bills on time and was a bad credit

risk.

7.

Upon information and belief, that Defendant's credit reporting was false and defendant intentionally gave false credit data of Plaintiffs to the other credit card company.  Plaintiffs believe that defendant's motive was to prevent Plaintiffs from obtaining another credit card to be used to pay off defendant's account.

8.

Plaintiffs have applied for additional credit with various creditors and has been repeatedly denied credit apparently for the same reason.

9.

It is believed that Defendant prepared, issued, sold and published false consumer reports about plaintiffs.  Defendant has also made threatening phone calls while Plaintiffs were at work; and despite advising Defendant that they were not to contact Plaintiffs at work, they continued making as many and 10-20 automated calls each day for weeks at a time.

10.

Plaintiffs have suffered damages due to the improper and illegal actions, inactions and conduct directed at Plaintiffs by Defendant.

11.

In this action, Defendant, **CITIBANK** is a *"consumer reporting agency"* as defined in the Fair Credit Reporting Act.

12.

In this action, Defendants prepared, issued, assembled, transferred and otherwise reproduced "*consumer reports*," regarding Plaintiffs as defined in the Fair Credit Reporting Act.

13.

*Defendant* failed to employ and use reasonable procedures to assure the maximum possible accuracy of consumer reports it prepared, issued, sold and published to third parties, including its subscribers and *Defendant* failed to comply with its obligations under the FCRA. Defendant, through its fault, as described herein, caused great and irreparable injury to Plaintiffs herein. Through its actions, inactions and conduct, Defendant, has, with willful intent to injure and/or malice, violated the FCRA, defamed Plaintiffs and invaded Plaintiffs' privacy. Further, Defendant by its actions stated above, intentionally inflicted emotional distress on Plaintiffs.

14.

*Defendant*'s publishing of false and inaccurate consumer reports, including credit scores and denial codes has severely damaged the personal and consumer reputation of Plaintiffs, and caused severe humiliation, and emotional distress and mental anguish, as well as other damages.

*Second Claim for Relief*

15,

Plaintiffs repeat and incorporate by reference all paragraphs above; and Defendant which was accomplished by them making contact

with the Plaintiffs by U.S. Mail, internet and telephone at the Plaintiffs' residence and business are actions which also violate state laws which violated their right to privacy and other acts which caused damage to the Plaintiffs including but not limited to, the following:

    (a) The Defendant is liable to plaintiffs under LSA-C.C. Art.§ 1953 et seq., 2315, 2316, 2317, 2320, and 2324 by their intentionally misrepresentations as to the their rights to collect a debt in an improper manner which Plaintiffs were not legally obligated to pay; and to intimidate the Plaintiffs into disregarding their rights under the law to dispute the debt; and to intimidate the Plaintiffs into paying a debt fearing that further legal action, would be taken against them if ***immediate payment arrangements*** were not made despite the fact that the debt had already been paid.

    (b) The Defendants' actions violated the Unfair Trade Practices and Consumer Protections Laws of Louisiana which entitles Plaintiffs to punitive and/or treble damages.

    (c) The Defendants' actions not only violate the law of this state but public policy as well by the improper collection methods described above used by defendants in collecting a consumer debt; and Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt; and

      defendant is liable for all of the intentional or willful acts listed above or determined from the facts of this case pursuant to La. C. C. Article 2324.

(d)    As a result of the above violations of the state Act, the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, punitive and/or treble damages, penalties, attorney's fees, judicial interest for demand and costs.

15.

The types of injuries and harms incurred by plaintiffs were foreseeable. Defendant was in the best position to prevent the false consumer reports.

**WHEREFORE PLAINTIFF**, *MICHELLE ALBE and JOSEPH G. ALBE PRAYS* that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendant, as follows:

1)    That there be Judgment in favor of **PLAINTIFFS** and against **CITIBANK D/B/A AT&T UNIVERSAL CARD** for all reasonable damages sustained by Plaintiffs including but not limited to compensatory damages associated with the costs of out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of

personal safety and security, and for punitive damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

FURTHER, **BRIAN BAKER HOLOUBEK, JR.**, PRAYS for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

S/JOSEPH G. ALBE
JOSEPH G. ALBE, BAR # 16782
2331 CANAL STREET
New Orleans, La. 70119
(504) 821-6095
[504] 821-6096 [FAX]